UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER )<br>of the NEW ENGLAND TEAMSTERS AND )<br>TRUCKING INDUSTRY PENSION FUND )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>LINDEN MOTOR FREIGHT CO., INC. )<br>)<br>Defendant, )<br>_____ ) | C.A. No.04cv11734 RGS |

<u>PLAINTIFF'S MOTION FOR A DEFAULT JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF</u>

Plaintiff respectfully moves upon his attached Declaration pursuant to Federal Rule of Civil Procedure 55(b)(1) for entry of judgment by the Clerk in the amount of $530,515.07.

In support of his motion, Plaintiff states as follows:

1. Defendant neither filed an answer nor served a responsive pleading in this action and, accordingly, was defaulted on November 8, 2004.

2. This is an action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. §1001 *et seq*., as amended by the Multi-Employer Pension Plan Amendments Act, as, 29 U.S.C. §1381 *et seq*. for unpaid withdrawal liability. Pursuant to ERISA § 4301, 29 U.S.C. §1451(b), failure to make withdrawal liability payments is treated like "delinquent contributions," for which the following elements of relief are mandatory under ERISA §502(g)(2), 29 U.S.C. 1132(g)(2):

    a. the unpaid contributions,
    b. the interest on the unpaid contributions,
    c. an amount equal to the greater of--
        (i.) interest on the delinquent payments, or
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of principal amount,

   d. reasonable attorney's fees and costs of the action, to be paid by the defendant, and
   e. such other legal or equitable relief as the court deems appropriate.

  3. Defendant withdrew from the Fund on March 31, 2003, incurring withdrawal liability in the amount of $512,839.  Defendant was required to make interim payments of $10,980 beginning on August 7, 2003 for a period of fifty-three weeks with a final payment of $3,199 in accordance with the schedule set forth in the Fund's letter of June 5, 2003.  Defendant made eight monthly payments of $10,980 but ceased paying in March 2004.  (See Declaration of Charles Langone ¶¶3-5)

  4. Pursuant to Article 15, Section 15.04(3) of the Fund's Pension Plan, if the Employer fails to make, when due, any payments of withdrawal liability and if such failure is not cured within 60 days after such Employer receives written notification from the Fund of such failure, a default occurs.  (See Declaration of Charles Langone ¶5).

  5. Pursuant to Article 15, Section 15.04 of the Fund's Pension Plan, in the event of a default, the outstanding amount of the withdrawal liability shall immediately become due and payable.  (See Declaration of Charles Langone ¶6).

  6. Defendant was notified of its failure to make payments when the complaint in this matter was filed on September 7, 2004 and a default occurred on November 7, 2004.

  7. Consequently, the outstanding principal amount of withdrawal liability of $435,911.00 became due on November 7, 2004. (See Declaration of Charles Langone ¶8)

  8. Plaintiff is entitled to the principal amount of $435,911.00, interest on delinquent interim payments from March through October in the amount of $2,308.12, interest on the principal amount of withdrawal liability from November 7, 2004 to date in the amount of $3,640.00, liquidated damages in the amount of $87,182.20 (20% of principal) and costs and

attorneys fees in the amount of $1,473.75 for a total amount owed of $530,515.07.

(Langone Declaration, ¶9, Campbell Affidavit, ¶5).

      9.   Defendant is neither an infant nor an incompetent person nor in the military service of the United States.

      WHEREFORE, Defendant's Motion for Entry of a Default Judgment should be granted. A proposed judgment is attached hereto.

| | |
|---|---|
| Dated: January 5, 2005 | Respectfully submitted,<br>Catherine M. Campbell<br>BBO #5493973<br>Feinberg, Campbell & Zack. PC<br>177 Milk Street<br>Boston, MA 02109<br>(617) 338-1976 |
| | /s/ Catherine M. Campbell<br>Attorneys for Plaintiff,<br>Charles Langone |

Certificate of Service

    I, Catherine M. Campbell, attorney for the plaintiff, hereby certify that on this day I mailed a copy of the within document by first class mail, postage prepaid, Michael Dotro Vice President, Finance, Linden Motor Freight Co., Inc., 1300 Lower Road, Linden, NJ 07036 and David New, Esq., Herbert New & David W. New, PC, 300 Broadacres Drive, Third Floor Bloomfield, NJ 07003.

| | |
|---|---|
| Dated: January 5, 2005 | /s/ Catherine M. Campbell<br>Catherine M. Campbell |